IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA HOLDER,<br><br>Plaintiff,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,<br><br>Defendants. | Case No: 2:22-cv-3080<br><br>Removed from the Court of Common Pleas of Philadelphia County Case No. 191200489 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively "Bard") hereby remove this action from the Pennsylvania Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Bard further states as follows:

**I.   PROCEDURAL BACKGROUND AND RELEVANT FACTS**

1. On March 12, 2020, Plaintiff Holder filed a complaint captioned *Jessica Holder v. C. R. Bard, Inc., and Bard Peripheral Vascular, Inc.*, Case No. 191200489, attached hereto as Exhibit A.

2. Bard has never been served with the Complaint in this action.

3. The Complaint, which counsel for Bard located on the Philadelphia County Court of Common Pleas docket, involves allegations relating to a Bard Eclipse IVC filter. The plaintiff alleges that Bard manufactured, marketed, and sold the Eclipse Filter, and that the Eclipse Filter was implanted in her on or about September 1, 2011. *See* Ex. A, Compl. ¶ 151. The plaintiff

asserts claims against Bard for negligence, strict products liability (failure to warn), and negligent misrepresentation; and she also requests punitive damages. *Id*. ¶¶ 154, *et seq.*

## II. THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) and 1441

4. Pursuant to 28 U.S.C. section 1332(a) and 1441, this Court has original jurisdiction over this action because the amount in controversy exceeds $75,000. Complete diversity of citizenship exists between the plaintiff and C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. Finally, venue is proper for purposes of removal, but Bard reserves the right to move to dismiss for lack of personal jurisdiction and/or move to transfer venue.

### A. Amount in Controversy Exceeds $75,000

5. Where, as here, the plaintiff does not specifically allege that the amount in controversy is less than the jurisdictional minimum, the case will be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount specified in 28 U.S.C. § 1332(a). *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Thus, to oppose removal on this ground, the plaintiff must establish to a legal certainty that the amount in controversy will not be greater than $75,000. *Id.* (applying the legal certainty test espoused in *Samuel-Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir. 2004)). Additionally, in determining whether the amount in controversy is satisfied, the Court may include a request for punitive damages in the amount of potential recovery. *See Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004).

6. The plaintiff's Complaint does not specify the amount of damages sought, and the plaintiff cannot meet her burden to establish to a legal certainty that the amount in controversy is less than $75,000. Indeed, the allegations in the Complaint make clear that the amount in controversy exceeds $75,000. The plaintiff seeks damages for past and future physical pain and

suffering; past and future emotional distress; past and future loss of enjoyment of life; past and future lost wages and earning capacity; punitive damages; disgorgement of profits; restitution; unspecified statutory damages; costs of suit; attorneys' fees; and pre- and post-judgment interest. Ex. A. Compl. at Prayer for Relief.  Accordingly, the amount in controversy requirement has been met.

### B. Complete Diversity of Citizenship Exists Between the Plaintiff and the Bard Defendants

7. Upon information and belief, the plaintiff is a citizen of California. *See* Ex. A, Compl. ¶ 7.

8. Defendant C. R. Bard, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey.  Therefore, C. R. Bard, Inc. is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c).

9. Defendant Bard Peripheral Vascular, Inc. is an Arizona corporation with its principal place of business in the State of Arizona.  Therefore, Bard Peripheral Vascular, Inc. is a citizen of Arizona. *Id.*

10. Thus, complete diversity of citizenship exists.

### C. Venue Is Proper for Purposes of Removal

11. Philadelphia County, Pennsylvania, is located within the United States District Court for the Eastern District of Pennsylvania, and therefore venue for this action is proper for purposes of removal in this Court because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 118 (noting that the Eastern District of Pennsylvania is comprised of Philadelphia County, among other counties).

12. Because no facts pled in the Complaint occurred in Pennsylvania, and no party to the action are citizens of Pennsylvania, however, Bard reserves the right to move to dismiss for lack of personal jurisdiction and/or move to transfer venue.

### III. PURSUANT TO 28 U.S.C. § 1446, BARD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

13. Bard has not been properly served with any process, pleadings, or orders; however, the entirety of the state-court file is attached to the Notice of Removal as Exhibit B. *See* 28 U.S.C. § 1446(a).

14. C. R. Bard, Inc. and Bard Peripheral Vascular have not been served with the complaint. Thus, the 30 days for Bard to file this Notice of Removal have not started to run. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the defendant's time to remove is triggered either by simultaneous service of the summons and complaint, or service of the complaint after and apart from service of the summons, but not by mere receipt of the complaint). Accordingly, Bard's removal of this action is timely.

15. Promptly after filing the instant Notice of Removal, Bard will give written notice to all adverse parties and will file a copy of the Notice with the clerk of the Pennsylvania Court of Common Pleas for Philadelphia County, which will affect the removal of the action to this Court. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully remove this action from the Pennsylvania Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania.

*[Signature on following page]*

This 4th day of August, 2022.

                                        Respectfully submitted,

By:    *s/ Matthew E. Brown*
       Matthew E. Brown
       Nelson Mullins Riley & Scarborough LLP
       One Financial Center
       Suite 3500
       Boston, MA 02111
       (617) 217-4619 (phone)

*Counsel for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2022, a true and correct copy of this Notice of Removal was served by depositing a copy of same in the United States mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

> Joshua M. Mankoff
> Lopez McHugh
> 214 Flynn Avenue
> Moorestown, NJ 08057
>
> *Counsel for Plaintiff*

By:   *s/ Matthew E. Brown*
Matthew E. Brown
Nelson Mullins Riley & Scarborough LLP
One Financial Center
Suite 3500
Boston, MA 02111
(617) 217-4619 (phone)

*Counsel for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.*